The motion is granted, and the decree must be modified accordingly.

As this decision is based upon a want of jurisdiction, the decree as modified, cannot, of course, in any manner affect any claim or lien which the United States may have for duties. Whether any such claim or lien exists, is a question so entirely outside this case that any consideration or decision of it here would seem to be out of place. I will, however, remark in passing, that by the act of July 18, 1866 (14 Stat. 186) § 31, the legal custody of the property seized has been and is now in the collector. If the duties have not been paid, they are of course still due and payable; and with the light that I now have, I can see no reason why they are not a lien now just the same as before the seizure. The doctrine of merger can no more be applied in this case than in the case of a mortgage held by a person claiming the title when it is for his interest to keep the mortgage alive; in which case, on the failure of the title, the mortgage lien can always be enforced. Neither can it be said that like a pledge, the lien is defeated by a voluntary relinquishment of possession, because the United States have all the time remained in full legal possession.

Motion granted.

---

## Case No. 15,117.
### UNITED STATES v. FIVE JUGS OF BRANDY.
[See Case No. 15,118.]

---

## Case No. 15,118.
### UNITED STATES v. FIVE JUGS OF BRANDY.[1]
[11 Int. Rev. Rec. 5.]

District Court, N. D. Florida. 1869.

VIOLATION OF CUSTOMS LAWS—FORFEITURE AND SEIZURE.

[The fact that foreign distilled spirits and wines are found in considerable quantity in an upper room of a private house, stored for safe-keeping, as alleged by the house owner, and not his property, justifies a seizure thereof, and places the burden upon the claimant to show that they were legally imported, and that the original packages had been inspected, marked, and branded, as required by law.]

Before FRASER, District Judge.

This was an information filed by the attorney of the United States, setting forth that the said liquors or spirits were fraudulently imported, and praying that they be condemned as forfeited to the United States. Held, that a considerable quantity of foreign distilled spirits and wines being found in an upper room of a private house, stored for safe-keeping, as alleged by the proprietor, and not his property, would justify a seizure.

That such fact appearing, the burden of proof was upon the claimant to show that they were legally imported, and that the original packages had been inspected, marked, and branded, as required by law. Two witnesses for claimant having testified that the casks out of which the spirits and wines were drawn had an inspector's mark upon them, and one of said witnesses having stated that said inspector's mark was a curious mark, which he should not have noticed had not his attention been particularly called to it, and no other description having been given of said mark by said witnesses, or either of them, and it being in evidence that the said original packages were purchased in New York, and shipped direct to Florida, after verdict for the United States, and upon motion for a new trial, held, that the jury, being the judges of the facts, and of the credibility of the witnesses, did not exceed their province if they came to the conclusion, from the evidence, that the said original packages had no inspector's marks upon them, and that the said spirits and wines were fraudulently imported. Motion for a new trial was therefore denied.

---

## Case No. 15,119.
### UNITED STATES v. FIVE THOUSAND ONE HUNDRED DOLLARS IN SPECIE.
[1 Woods, 14.] [1]

Circuit Court, D. Lousiana. April Term, 1870.

APPEAL—ADMIRALTY—TERMS OF COURT.

An appeal in a case of admiralty and maritime jurisdiction not taken to the next term of the circuit court after the rendition of the decree in the district court will be dismissed.

[Cited in The Chatham. 3 C. C. A. 161, 52 Fed. 397.]

Appeal from the district court of the United States for the district of Louisiana.

The specie in this case was seized upon water and within the admiralty and maritime jurisdiction of the district court. The court below having decreed in favor of claimant [case unreported], the United States appealed to this court. Thereupon a motion was made by claimant to dismiss the appeal.

Jos. P. Horner and W. S. Benedict, for the motion.

Alanson B. Long, U. S. Atty., contra.

WOODS, Circuit Judge. In this case, a motion to dismiss the appeal is made upon the ground that the appeal was not taken to the next circuit court of the United States, held within the district after the rendition of the decree. The record shows that the decree in favor of the defendant was signed on January 30, 1864. The law and records of this court show that the next circuit court for the district was held on the 25th of April, 1864.

---

[1] [Not previously reported.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]